**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**UNITED STATES OF AMERICA**                                                    **PLAINTIFF**

**v.**                                    **Case No. 4:22-cr-00319-LPR**

**BRUCE McARTHUR SMITH, KEVIN**
**LANGEL, AND LARRY ROGERS**                                              **DEFENDANTS**

**<u>ORDER TO SHOW CAUSE</u>**

On April 6, 2026, this Court issued a Criminal Contempt Order against Mr. Sylvester Smith.[1]  In that Order, the Court fined Mr. Smith $1,000.[2]  The Court gave Mr. Smith 30 days to pay the fine.[3]  Accordingly, Mr. Smith had until May 6, 2026, to pay the fine.

On May 6, 2026, Mr. Smith moved for an extension of time to make payment.[4]  The Court denied the extension motion.[5]  The Court explained that Mr. Smith's motion "provide[d] no reason why Mr. Smith could not pay the $1,000 fine within the allotted 30 days."[6]  The Court also noted that, within those 30 days, Mr. Smith could have filed for reconsideration of the Criminal Contempt Order or a stay of enforcement of the Criminal Contempt Order.[7]  "He did not do so."[8]

---

[1] *See* Doc. 536.

[2] *See id.* at 9.

[3] *See id.* ("Having now been found in contempt, Mr. Smith is directed to pay $1,000 to the Clerk of the United States District Court for the Eastern District of Arkansas.  This money is immediately due in full.  Interest will not be charged unless Mr. Smith fails to pay the full amount on or before 30 days from the date of this Order.").

[4] *See* Mot. for Extension of Time (Doc. 559).

[5] *See* May 7, 2026 Order (Doc. 560).

[6] *Id.*

[7] *Id.*

[8] *Id.* On April 20, 2026, Mr. Smith appealed the Criminal Contempt Order.  *See* Notice of Appeal (Doc. 540). Mr. Smith does not suggest that the existence of an appeal on its own prevents enforcement of the Criminal Contempt Order.  *See generally* Mot. for Extension of Time (Doc. 559).

Because the Court denied the extension motion, the Court explained that "[i]f Mr. Smith does not pay the $1,000 fine today or tomorrow, another show cause order will be issued."[9]  That was Thursday, May 7, 2026.  Mr. Smith did not pay the fine on Thursday, May 7, Friday, May 8, or Monday, May 11.  Nor did Mr. Smith communicate in any other manner concerning the fine with the Court on those days**.  In light of Mr. Smith's silence and failure to follow the Court's direct orders, the Court issues the instant Show Cause Order.  At 9:00 am on Thursday, May 14, 2026, Mr. Smith must appear personally at the Richard Sheppard Arnold United States Courthouse in Little Rock, Arkansas (Courtroom 1D), and show cause why he should not be subject to civil contempt sanctions (either a daily monetary sanction or imprisonment) until such time as he pays the $1,000 fine imposed in the Court's Criminal Contempt Order.**[10]

Mr. Smith is required by this Show Cause Order to appear personally at the Show Cause Hearing.  If he wants, he may provide a written response to this Show Cause Order by 11:59 pm on Wednesday, May 13, 2026.  But the filing of a written response does not substitute for the required personal appearance in court at 9:00 am on Thursday, May 14, 2026.[11]

IT IS SO ORDERED this 12th day of May 2026.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE

---

[9] May 7, 2026 Order (Doc. 560).

[10] **To the extent there was any wiggle room in previous Orders, the Court now makes absolutely crystal clear that Mr. Smith is under an obligation pay the $1,000 fine, is not currently compliant with that obligation, has been out of compliance since May 6, 2026 (or, at the absolute latest, May 9, 2026).  For good measure, the Court orders Mr. Smith to pay the late $1,000 fine by 11:59 pm on Wednesday, May 13, 2026.   If Mr. Smith pays the $1,000 fine at any time prior to Thursday, May 14, 2026, the Court will revoke the instant Show Cause Order.**

[11] Mr. Smith may represent himself pro se or use counsel in any written filing and in his personal appearance.  But, even if he uses counsel, Mr. Smith must also be present in court.